UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Daniel Gorman,
	Plaintiff

	v.                                      Case No. 11-cv-538-SM
                                            Opinion No. 2012 DNH 186
United States of America,
	Defendant

**O R D E R**

Daniel Gorman brings this action seeking damages for injuries he sustained when his car was struck by a vehicle driven by an employee of the United States Postal Service ("USPS"). The government moves to dismiss Gorman's suit, saying he failed to file a timely administrative claim with the USPS and, therefore, this court lacks subject matter jurisdiction over his claims. Gorman objects.

**Standard of Review**

When faced with a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff, as the party invoking the court's jurisdiction, has the burden to establish by competent proof that such jurisdiction exists. See Bank of N.H. v. United States, 115 F. Supp. 2d 214, 215 (D.N.H. 2000). And, in determining whether that burden has been met, the court must construe that complaint liberally, "treating all well-

pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Importantly, however, the court may also consider whatever evidence the parties have submitted, such as depositions, exhibits, and affidavits, without converting the motion to dismiss into one for summary judgment.

> In a situation where the parties dispute the predicate facts allegedly giving rise to the court's jurisdiction, the district court will often need to engage in some preliminary fact-finding. In that situation, the district court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction. In such a case, the district court's findings of fact will be set aside only if clearly erroneous.

Skwira v. United States, 344 F.3d 64, 71-72 (1st Cir. 2003) (citation and internal quotation marks omitted). See also Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162-63 (1st Cir. 2007); Valentin v. Hosp. Bella Vista, 254 F.3d 358, 365 (1st Cir. 2001).

**Background**

On April 30, 2009, Daniel Gorman was injured when a USPS truck, operated by a USPS employee, struck the side of Gorman's vehicle. In addition to the damage to his automobile, Gorman says he sustained head, neck, and back injuries. On July 22, 2009, Gorman (acting pro se) filed a notice of claim with the

USPS for damage to his vehicle.  The USPS granted his claim and sent him a check for approximately $2,100.  Subsequently, however, Gorman sought legal advice, returned the check, and advised the USPS that he would be submitting a revised claim which would include his physical injuries and medical expenses.

On December 2, 2009, Gorman filed a revised notice of claim, seeking $33,500 in damages for both personal injury and property damage to his vehicle.  But, because he was still receiving treatment, he could not yet document (or, apparently, calculate) the full extent of his medical expenses.  His counsel, Attorney Quinn, spoke with the claims specialist assigned to Gorman's case to discuss the fact that Mr. Gorman was still undergoing treatment.  <u>See</u> Affidavit of Attorney Francis S. Quinn (document no. 14-4) at para. 2.  The claims specialist, Francine Fenton, took contemporaneous notes of those conversations and describes one of them as follows:

> On January 14, 2010, I contacted Francis Quinn to obtain any remaining medical invoices in support of his client, Daniel Gorman's, claim.  Mr. Quinn advised at that time that Daniel Gorman was still treating.  I explained to Mr. Quinn at that time that without medical documentation of the claim, it could possibly be denied.  I explained to Mr. Quinn that <u>he may wish to consider withdrawing Mr. Gorman's claim</u> until such time as they had medical documentation to support it.  <u>I additionally advised him that, should he choose to withdraw the claim, then he would have two years from the date of the accident to resubmit it</u>.

Affidavit of Francine Fenton (document no. 12-2), at par. 7 (emphasis supplied). Attorney Quinn appears to dispute that claim, saying:

> At no time during our telephone calls did Ms. Fenton advise me that, in following her advice, the "withdraw[al]" would be treated as a complete withdraw[al] of Mr. Gorman's claim requiring an additional notice of claim form to be resubmitted.

Affidavit of Attorney Quinn at para. 3. See also Id. at para. 4.

Ms. Fenton followed-up on her January 14, 2010, telephone conversation with a letter dated January 28, 2010, in which she reminded Attorney Quinn that "before this claim can be considered for adjudication it must be supported by competent medical evidence." Letter from Francine Fenton to Attorney Quinn (document no. 14-4) at 1. She went on to ask that such supportive evidence be provided within thirty days and noted that "if these materials are not furnished, we will be unable to properly evaluate the claim and will have no recourse but to issue a denial." Id.

Attorney Quinn appears to have been concerned that he could not provide the requested documentation within the short time frame specified by Ms. Fenton. So, by letter dated February 4, 2010, he "withdrew" Mr. Gorman's pending administrative claim.

> This letter is to confirm that due to Mr. Gorman's need to obtain further medical treatment as a result of injuries sustained in the above-referenced collision, we are <u>withdrawing his claim at this time</u>.
>
> <u>We will provide supplemental medical information</u> once the medical treatment has been completed.  We reserve the right to supplement the claim based on other damages that may result.

Letter from Attorney Quinn to Ms. Fenton (document no. 12-2) at 13 (emphasis supplied).  There is, at least arguably, some ambiguity in that letter, since it purports to "withdraw" Mr. Gorman's pending claim, and yet it also refers to his intent to "supplement" (not "refile") that claim at a later date.

On May 12, 2011 (more than two years after the accident), Attorney Quinn telephoned Ms. Fenton, informing her that he now had medical bills to support Mr. Gorman's claim.  Affidavit of Francine Fenton at para. 9.  She advised Attorney Quinn that "there was no claim pending from Mr. Gorman and reminded him that [she] had told him at the time he withdrew the claim that it would need to be re-filed within two years of the accident."  <u>Id</u>.  That same day, Attorney Quinn sent a letter to Ms. Fenton, resubmitting Mr. Gorman's administrative claim, and enclosing "all medical records and bills in our file to date."  Letter from Attorney Quinn to Ms. Fenton (document no. 12-2) at 15.  In that letter, Attorney Quinn noted the following:

> As I indicated in my letter of February 4, 2010 [purportedly withdrawing Mr. Gorman's claim], . . . it was my understanding that the "claim" had been timely; however, it was being held until such time as Mr. Gorman had completed his treatment. I withdrew the claim with the understanding that the medicals could be supplemented. I apologize for my misunderstanding and I am respectfully asking that this claim be processed based on the initial application.

Id. Two weeks later, Ms. Fenton informed Attorney Quinn that Mr. Gorman's claim was denied, as untimely.

> Pursuant to 28 U.S.C. § 2401(b), the statute of limitations period for an action brought pursuant to the Federal Tort Claims Act is two years. Claimant originally filed his claim with the Postal Service on December 4, 2009. However, via your letter dated February 4, 2010, you withdrew Mr. Gorman's claim. Accordingly, Mr. Gorman was obligated to file a claim on or before April 30, 2011. Your correspondence dated May 12, 2011 attempting to re-file Mr. Gorman's claim was untimely. Accordingly, this claim is denied.

Letter from Ms. Fenton to Attorney Quinn (document no. 12-2) at 17.

This litigation ensued and the government moves to dismiss Mr. Gorman's complaint, saying he failed to exhaust available administrative remedies and, therefore, this court lacks subject matter jurisdiction over his claims. Gorman objects.

## Discussion

Mr. Gorman brings this action against the government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 et seq. As the court of appeals has observed:

> The FTCA is a limited waiver of sovereign immunity by the United States whereby a claimant can sue for the negligent or wrongful act or omission of certain government employees. However, a tort claim against the United States shall be forever barred <u>unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues</u>. The general rule is that a tort claim accrues at the time of the plaintiff's injury.

<u>Ramirez-Carlo v. United States</u>, 496 F.3d 41, 46 (1st Cir. 2007) (citations and internal punctuation omitted) (emphasis supplied). Here, the government says Gorman withdrew his (timely) notice of claim with the USPS and, before he refiled a notice of claim, the two-year limitations period lapsed.

Gorman, on the other hand, says he "never withdrew his claim from the U.S. Postal Service's consideration." Plaintiff's memorandum (document no. 14-1) at 5. He explains his position as follows:

> The language of Mr. Gorman's February 4, 2010 letter cannot reasonably be interpreted as a withdrawal that would require him to resubmit a new notice of claim. In the first sentence of the letter, Mr. Gorman explains that the reason for his letter is that he is

7

>    in need of additional medical care and is not finished
>    treating his injuries.  The claims representative, Ms.
>    Fenton, made statements to cause Mr. Gorman to believe
>    that if he did not submit all of his medical records
>    within thirty (30) days of her January 29, 2010 letter,
>    his claim would be denied.  Mr. Gorman believed that
>    since he was still treating and not able to submit all
>    his medical records by that deadline his claim would be
>    denied without further consideration unless he took Ms.
>    Fenton's advice.  This "withdraw" would allow Mr.
>    Gorman additional time to receive medical treatment and
>    provide the necessary records upon Mr. Gorman's
>    recovery without the threat of denial.  Mr. Gorman did
>    not communicate to the Postal Service that he was
>    withdrawing his claim from consideration and
>    investigation.

Id. (citations omitted).  He goes on to point out that, "there was no indication from the U.S. Postal Service that they would treat Mr. Gorman's February letter as a complete withdraw[al] of his notice.  The government did not respond to this letter by telephone or by letter to advise that it would interpret Mr. Gorman's letter as a withdraw[al]."  Id. at 6.  Omitted from his argument, however, is any reference to authority or precedent suggesting that the USPS had an obligation, regulatory or otherwise, to acknowledge receipt of his letter or to notify him that it would treat the letter as a withdrawal of his claim.

   As the government points out, if Attorney Quinn's letter of February 4, 2010, operated as a "withdrawal" of Mr. Gorman's claim - that is, the complete discontinuation, cancellation, or nullification of his then-pending administrative claim - then

this court lacks subject matter jurisdiction over his lawsuit under the FTCA. If, on the other hand, that letter served merely as a request that Ms. Fenton stay or hold in abeyance any final administrative resolution of his pending claim, Gorman's FTCA suit is likely not barred. Neither party has adequately briefed that critical issue.

### Conclusion

Accordingly, on or before November 15, 2012, each party shall submit a supplemental legal memorandum addressing, at a minimum, the following issues:

1. Whether any regulations (or judicial precedent) describe the procedure by which a claimant may withdraw an administrative claim for damages against the government and/or establish an obligation on the part of the agency to specifically acknowledge that a claim has been withdrawn. Cf. 38 C.F.R. § 20.204 (governing the withdrawal of an appeal filed with the Board of Veterans' Appeals).

2. Whether, when determining the legal effect of Attorney Quinn's February 4, 2010, letter, the court looks exclusively to the objective manifestation of intent as expressed in the letter, or whether Attorney Quinn's subjective intent is also relevant. In other words, is the context in which that letter was sent - including any representations or omissions that Ms. Fenton may have made - relevant?

3. Whether the withdrawal of a pending administrative claim must be knowing, voluntary, and/or intelligently made. Cf. Siobal v. Shinseki, 2011 WL 5966209 (Nov. 30, 2011 Vet. App.) (holding that the withdrawal of a pending administrative appeal to the Board of Veterans' Appeals must be knowing and concluding that "it is not clear whether Mr. Siobal knowingly intended to withdraw

>his claim or whether he thought his claim was on hold. . . ..").; <u>Marrero v. Shinseki</u>, 2011 WL 108688 (Jan. 13, 2011 Vet. App.) ("The Court concludes that the appellant's pro se statement that he wished to withdraw his claim was not a knowing withdrawal of the claim because his submission of evidence during the testimony demonstrated his continuous intent to seek benefits . . ..").

After the parties have submitted their supplemental legal memoranda, the court will, if appropriate, schedule an evidentiary hearing to resolve any outstanding disputed material facts that bear on its exercise of subject matter jurisdiction over Gorman's claims.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 16, 2012

cc: Francis X. Quinn, Jr., Esq.
　　 Michael T. McCormack, Esq.